Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 25, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
*1215 Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends in both appeals that the People failed to disclose Brady material in a timely manner. We agree. We conclude, however, that the Brady violation does not require reversal because the information was turned over as Rosario material prior to jury selection, thus affording defendant a “meaningful opportunity” to use the information during cross-examination (People v Middlebrooks, 300 AD2d 1142, 1143 [2002], lv denied 99 NY2d 630 [2003]; see People v Cortijo, 70 NY2d 868, 870 [1987]; People v Abuhamra, 107 AD3d 1630, 1631 [2013], lv denied 22 NY3d 1038 [2013]). Contrary to defendant’s contention, there is no “reasonable probability that, had the evidence been disclosed to [him]” prior to the Wade hearing, “ ‘the result of the [hear]ing would have been different’ ” (People v Chin, 67 NY2d 22, 33 [1986]). Defendant failed to preserve for our review his alternative contention that County Court erred in failing to reopen the Wade hearing based upon the delayed disclosure (see People v Clark, 28 AD3d 1231, 1232 [2006]; People v Highsmith, 259 AD2d 1006, 1007 [1999], lv denied 93 NY2d 925 [1999]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject the further contention of defendant that he was denied effective assistance of counsel by his attorney’s failure to request a limiting instruction with respect to certain Molineux evidence. Indeed, defense counsel “declined such an instruction on the record after a colloquy with County Court in which it was clear that doing so was part of a legitimate trial strategy” (People v Smith, 41 AD3d 964, 965 [2007], lv denied 9 NY3d 881 [2007]), and we will not “second-guess” that strategic decision on appeal (People v Cherry, 46 AD3d 1234, 1238 [2007], lv denied 10 NY3d 839 [2008]; see People v Williams, 107 AD3d 1516, 1516-1517 [2013], lv denied 21 NY3d 1047 [2013]; People v Copeland, 43 AD3d 1436, 1436-1437 [2007], lv denied 9 NY3d 1032 [2008]). Moreover, our review of the record as a whole establishes that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Present— Scudder, BJ., Centra, Peradotto, Lindley and Whalen, JJ.